UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
FREDERICK LEONARDI
        Plaintiffs,

                                        COMPLAINT

    - against -

TOWN OF SCHODACK and
SCHODACK BUILDING INSPECTOR
JEFFREY CONLON

        Defendants.

Plaintiff Frederick Leonardi by his attorney David Brickman, Esq., as and for his complaint against defendants Town of Schodack and the Town of Schodack Building Inspector Jeffrey Conlon, alleges as follows:

NATURE OF ACTION

1. Plaintiff seeks damages against defendants for revoking a building permit, refusing to act on a second permit application, issuance of a stop work order and for refusing to inspect his property for the issuance of a certificate of occupancy.

2. Plaintiff claims that he has a protected property interest, namely, his ability to use his real property for a retail establishment which was previously approved by the Town of Schodack Planning Board before the building inspector revoked his building permit, refused to inspect

1

    the property for the issuance of the certificate of occupancy and refused to issue a decision on a hearing to protest the revocation of the building permit.

3. Although the building permit was issued after planning board approval, defendants unilaterally and without notice to plaintiff, without giving plaintiff an opportunity to be heard, without conducting a hearing, and without making any determination based upon credible and substantial evidence, revoked the building permit, issued a stop work order, refused to inspect the property for the issuance of a certificate of occupancy and have since refused to take any action at all for a period of many months.

4. The Town of Schodack building code requires that "No use shall be established ... structure occupied until the building inspector has issued a certificate of occupancy stating that the use, land and structure comply with all applicable provisions of this chapter." Zoning, §219.104.

5. Plaintiff is unable to operate his retail establishment under threat of criminal prosecution which could result in plaintiff being imprisoned for up to six months and fined up to $350.00 for a first offense.

6. In this action, plaintiff seeks damages as a result of defendants' unlawful acts and a declaration from the Court that the approval of the planning board of the intended use and the issuance of the building permit confers upon plaintiff a protected property interest and that plaintiff has the legal right to utilize and enjoy his property as a retail establishment.

7. Plaintiff also seeks an injunction against defendants preventing them from punishing plaintiff for, or prohibiting plaintiff from, using his property as a retail establishment.

8. Plaintiff also seeks an injunction declaring Schodack Zoning § 219-106 unconstitutional.

## JURISDICTION AND VENUE

9. Plaintiff's claim against defendants are brought pursuant to 42 U.S.C. § 1983, 1988 and Rule 65 of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2202.

10. Venue in the Northern District is proper under 28 U.S.C. § 1391(b) in that all defendants reside in, and the property that is the subject of this action is situated in, the Northern District of New York.

## PARTIES

11. Plaintiff Frederick Leonardi resides in Schenectady County, New York.

12. Defendant Town of Schodack is now, and at all times relevant to this action was, a political subdivision of the State of New York duly organized and existing under the laws of the State of New York.

13. Defendant Jeffery Conlon, the Building Inspector for the Town of Schodack is, under Chapter 90, §90-4 and 90-6, Schodack Building Construction Ordinance and Zoning, §219.104 "Powers and duties of building inspector", a public officer of the Town of Schodack who has the power and duty to issue building permits, certificates of occupancy, notices of violations and stop work orders.

## FACTS COMMON TO ALL CLAIMS

14. On January 9, 2004 plaintiff leased with an option to purchase premises located at 1940 Route 9 in the Town of Schodack, County of Rensselaer, State of New York for the purpose of owning and operating a retail lingerie and accessory shop.

15. On February 2, 2004, plaintiff's attorney appeared before the Town of Schodack planning

board, which board approved the plaintiff's use without the requirement of site plan review.

16. The planning board did not require site plan review because there were no material changes proposed for the structure with the exception of the addition of a handicap ramp.

17. In good faith, plaintiff applied for and paid the fee for a building permit on February 17, 2004.

18. The building permit was issued two days later on February 19, 2004.

19. On or about February 27, 2004 plaintiff received a phone call from Kristin Shaw, a reporter for the Independent Newspaper who was inquiring about the nature of the retail items plaintiff intended to sell, including among other things adult toys and aids.

20. Kristin Shaw indicated that she intended to speak to the town and that her paper was going to run an article the following week concerning the "controversial" nature of plaintiff's business.

21. The Town of Schodack has an adult use ordinance.

22. Plaintiff's intended retail establishment is not an adult use establishment under the ordinance and is not regulated by the adult use ordinance.

23. After Kristin Shaw spoke with the officials for the Town of Schodack, on March 4, 2004, plaintiff and his landlord were served with an Order to Remedy Violation and inconsistently, an order revoking the previously issued building permit.

24. Defendant Building Inspector Jeffrey J. Conlon claimed that the Building Permit was issued "in error" by the Town of Schodack and claimed that items were missing from the application, which items were not required before the publicity in the Independent.

25. On March 19, 2004 Mr. Conlon sent plaintiff correspondence requesting all sorts of

drawings, plans, etc.

26. Although plaintiff did not agree with the order revoking the building permit, plaintiff nonetheless did furnish all of the information that Mr. Conlon had claimed was missing and submitted a second building permit application.

27. The first building permit was issued two days after the application was made.

28. The second application was never issued.

29. Plaintiff was ready to request a final inspection for the issuance of the Certificate of Occupancy when the Independent article ran and when the building permit was revoked.

30. The premises are not new construction, the alterations were ordinary repairs which did not require a building permit under the ordinance, and the work was substantially complete when the building permit was revoked.

31. On March 24, 2004, plaintiff was at the premises spreading dirt and stones in the parking lot and was approached by Defendant Conlon who told plaintiff that he was in violation of the stop work order.

32. Plaintiff asked Defendant Conlon several times why times he was seizing plaintiff's property and Defendant Conlon denied that he were seizing plaintiff's property.

33. Plaintiff informed Defendant Conlon that he was denying plaintiff the right to do things with the property that do not require a permit and thus are not in violation of the stop work order.

34. Plaintiff asked Defendant Conlon if a stop work order meant plaintiff could not mow the lawn and Defendant Conlon responded that plaintiff could mow the lawn.

35. Plaintiff told Defendant Conlon that mowing the lawn was no different than spreading stones and dirt, to which Defendant Conlon had no response.

36. Defendant Conlon also told plaintiff that no action was being taken on the new building permit.

37. The next day, March 25, 2004, after plaintiff realized that the Town had no intention of acting on the new building permit application, and because the work had already been previously completed, plaintiff sent a demand through his attorney to perform the inspection for the certificate of occupancy on March 26, 2004.

38. Defendant Conlon refused and still refuses to perform the inspection and issue the Certificate of Occupancy.

39. Chapter 90, §90-4 and 90-6, Schodack Building Construction Ordinance and Zoning, §219.104 "Powers and duties of building inspector" clearly require the building inspector to issue permits, perform inspections and issue certificates of occupancy.

40. On March 5, 2004, by counsel, plaintiff demanded a hearing pursuant to Zoning § 219-106, which "hearing" is conducted by the building inspector himself whose action plaintiff complained of.

41. Zoning § 219-106 has no standards or burden of proof for any determinations made pursuant thereto and provides no more than an opportunity to tell the building inspector that he was wrong to revoke the permit and refuse to inspect.

42. On April 2, 2004, plaintiff's "hearing" was held to complain about revocation of the building permit pursuant to Zoning Law §210-106.

43. Zoning Law §210-106 does not give due process, it merely allows a "presentation" to be made to the building inspector who is the very person who revoked the permit.

44. Zoning Law §210-106 requires the building inspector to reissue a permit on conditions and

6

Defendant Conlon has failed to act as required by statute and still refuses to act by refusing to reissue a permit on conditions, or inspecting the premises.

45. Defendant Conlon has not issued any decision on the April 2, 2004 hearing nor has he reissued a permit on conditions, nor has he inspected the premises.

46. The ordinance does not provide for any appeal from the hearing conducted pursuant to Zoning Law §210-106.

47. The issuance of permits is not discretionary and Defendant Conlon has refused to perform his ministerial duties in connection with issuing the second building permit.

48. The inspection of the property for a certificate of occupancy is not discretionary and Defendant Conlon has refused to perform his ministerial duties in connection with inspecting the property for the issuance of the certificate of occupancy.

49. Rendering a decision on the hearing held pursuant to Zoning § 219-106 is not discretionary and Defendant Conlon has refused to perform his ministerial duties in connection with rendering a decision.

50. Plaintiff has spent many thousands of dollars to prepare this location for its intended retail establishment.

51. Plaintiff has lost many thousands of dollars in revenues and profits by the actions and inactions of the defendants herein.

### AS AND FOR A FIRST CLAIM AGAINST DEFENDANTS

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "51" of this complaint.

53. Section 1983 of Title 42 of the United States Code ("Section 1983") states:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

54. The defendants violated Section 1983 by revoking the building permit without notice and an opportunity to be heard, after the use was approved by the planning board.

55. The defendants violated Section 1983 by refusing to act on the second building permit application, although such action is not discretionary.

56. The defendants violated Section 1983 by refusing to issue a decision on the April 2, 2004 "hearing" on the revocation of the building permit, although such action is not discretionary.

57. Under the Constitution and law of the State of New York, the approval by the planning board of the intended retail use established a protected property interest and such property interest may not be revoked, modified or otherwise adversely affected without due process of law as guaranteed by the Fourteenth Amendment of the United States Constitution. U.S. Const. amend. XIV, § I.

58. Defendants have thus deprived plaintiff of his protected property interest without due process of law.

59. In addition, plaintiff's liberty interest is threatened since plaintiff is unable to operate his retail establishment under threat of criminal prosecution which could result in plaintiff being imprisoned for up to six months and fined up to $350.00 for a first offense.

60. Defendants' unlawful actions, unless nullified by this Court, (i) have adversely affected the premises' value and its lawful use is (ii) have caused and will continue to cause plaintiff to

8

lose income from the premises as a result of the actions complained of herein; (iii) have caused and will continue to cause plaintiff to be threatened with fines and imprisonment if he uses the premises; and (iv) has forced and will continue to force plaintiff to expend substantial sums of money for attorney's fees, costs and expenses in connection with forcing the town to perform its duties.

## AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS

61. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "60" of this complaint.

62. Section 1988 of Title 42 of the United States Code states, in part:

> (b) Attorney's fees In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs 42 U.S.C. § 1988(b) (1996).

63. Plaintiff has been forced to expend, and will continue to be forced to expend, substantial sums of money for attorney's fees, costs and expenses in prosecuting this action against defendants.

64. As a result of the foregoing, plaintiff has been damaged in a sum not yet determined but which is expected to be not less than $100,000.00.

## AS AND FOR A THIRD CLAIM AGAINST DEFENDANTS

65. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "64" of this complaint.

66. Notwithstanding the fact that plaintiff has sought to have defendants correct their erroneous and unlawful unilateral revocation of the building permit and the refusal to inspect for the

       certificate of occupancy, the defendants have failed to take any action in respect to the permit and inspection.

67. Thus, a justiciable controversy has arisen between plaintiff and defendants in that plaintiff maintains that the premises' legal use as a retail establishment exists but for the refusal of the defendant's to perform their ministerial duties and otherwise act.

68. As a result of the foregoing, and under 28 U.S.C. § 2201, plaintiff seeks a declaration from this Court that the action of the planning board approving plaintiff's use of the premises as a retail establishment confers upon plaintiff a protected property interest in using the premises as intended and that plaintiff has a clear legal right to utilize and enjoy the Premises as a retail establishment.

69. Pursuant to Rule 65 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2202, and in accordance with the foregoing, plaintiff also seeks a permanent injunction against defendants, their officers, representatives and employees, preventing them from taking any action against plaintiff to punish plaintiff for, or prohibit plaintiff from, using the premises as a retail establishment.

       PLEASE TAKE NOTICE that pursuant to Fed. P. Civ. P. 38(b), plaintiff hereby demands a trial by jury.

       WHEREFORE, Plaintiff requests the court to render judgment:

1. On the first claim, under authority of 42 U.S.C. § 1983, awarding plaintiff damages in the sum of $3,000,000.00:

2. On the second claim, under authority of 42 U.S.C. § 1988, awarding plaintiff his attorney fees;

3. On the third claim, declaring that the action of the planning board approving plaintiff's use of the premises as a retail establishment confers upon plaintiff a protected property interest in using the premises as intended and that plaintiff has a clear legal right to utilize and enjoy the Premises as a retail establishment;

4. On the third claim, permanently enjoining defendants, their officers, representatives and employees, from taking any action against plaintiff which can be used to punish plaintiff for, or prohibit plaintiff from, using the premises as a retail establishment;

5. Awarding plaintiff his costs and disbursements herein; and

6. Granting plaintiff such other and further relief as the court deems just and proper.

Dated: October 13, 2004

                                                DAVID BRICKMAN, ESQ.
Attorney for Plaintiff
S/

Bar Code: 101216
174 Washington Avenue
Albany, NY 12207
(518) 436-4343
Fax (518) 436-5823